UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-00235-JRS-MKK |
| ) | |
| MIKE ELLIS, ) | |
| JESSE Ofc., ) | |
| C. POPE, ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT
AND DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff, James E. Phillips, is a prisoner currently incarcerated at Wabash Valley Correctional Institution. He filed this civil action alleging constitutional violations related to restitution payments imposed while previously incarcerated at Pendleton Correctional Facility. Because Mr. Phillips is a prisoner, the Court must screen his complaint. 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Phillips asserts claims for damages against three defendants: Legal Liaison Mike Ellis, Officer Jesse, and Officer Pope. He seeks punitive and compensatory damages and injunctive relief.

Mr. Phillips's factual allegations, as summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). On December 14, 2023, Mr. Phillips was ordered to pay $500 in restitution for assaulting Officer Jesse while at Pendleton Correctional Facility. Mr. Phillips alleges that then, on January 30, 2024, the restitution amount was increased to $4,494.59 by Officer Pope in retaliation for assaulting Officer Jesse. Mr. Phillips alleges this increase was due to fees related to Officer Jesse's worker's compensation insurance with Pendleton. However, he states that he believes Officer Jesse fabricated medical bills to increase Mr. Phillips's restitution amount in retaliation for his assault.

Mr. Phillips alerted Legal Liaison Mike Ellis of the increase, filed a grievance, and noted that he did not believe there was proper justification for the increase due to Officer Jesse's lack of medical expenses or major injuries. Legal Liaison Mike Ellis took no action and did not change the restitution amount. Mr. Phillips states that Officers Pope and Jesse and Liaison Ellis exaggerated Officer Jesse's injuries in relation against him.

## III. Discussion of Claim

First, all claims for injunctive relief are **DISMISSED**. The injunctive relief Mr. Phillips seeks is for the defendants to pay all of Mr. Phillips's court and attorney fees and reduce his

restitution balance. This is monetary relief and not injunctive relief, and as such, there is no threat of ongoing harm from Defendants. Because irreparable harm is harm for which money cannot compensate, "[a]s a general rule, a defendant's ability to compensate [a] plaintiff in money damages precludes issuance of a preliminary injunction." *Signode Corp. v. Weld–Loc Sys., Inc.,* 700 F.2d 1108, 1111 (7th Cir. 1983) (citations omitted); *Gumm v. Molinaroli*, No. 16-CV-1093-PP, 2017 WL 384340, at *4 (E.D. Wis. Jan. 25, 2017).

Mr. Phillips has not alleged any viable constitutional claims under the First or Eighth Amendments against any of the defendants, and as such, these claims are **DISMISSED**. To state a First Amendment retaliation claim, Mr. Phillips must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Assaulting a guard is not an activity protected by the First Amendment. Because the assault is not a protected activity, Officer Pope's increase of Mr. Phillips's restitution amount, Officer Jesse allegedly fabricating injuries, or Liaison Ellis's failure to decrease his restitution amount do not constitute retaliatory acts.

The constitutional provision implicated by Mr. Phillips's Eighth Amendment claim is the proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). However, there is nothing cruel or unusual about Mr. Phillips being charged an increase in

restitution for the assault, whether it was due to Officer Jesse's medical bills, workers compensation fees, or for other reasons.

Finally, all due process claims against the defendants are **DISMISSED** for failure to state a claim. Mr. Phillips namely seeks to challenge the increased restitution order imposed by the Department of Correction via the defendants. However, this restitution order cannot be challenged in this civil action. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson,* 468 U.S. at 533 ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.").

Although Mr. Phillips disputes the increase because he believes it "does not match the injury that the Defendant Jesse suffered…", this does not constitute an unconstitutional due process violation because Mr. Phillips was provided evidence related to the increase. *Id.  See Williams v. Wright*, 79 F.3d 1150 (Table), 1996 WL 121732, at *1 (7th Cir. Mar. 15, 1996) (citing Ind. Code § 4-24-6-2)). Mr. Phillips alleges that the prison told him that the additional charges were due to Officer Jesse's medical bills, medical expenses, and worker's compensation charges. Dkt. 1 at 3. This allegation indicates that there was in fact sufficient evidence to support the restitution amount for due process purposes. *See Superintendent Mass. Corr. Inst. Walpole v. Hill*, 472 U.S. 445, 447 (1985) (due process requires prison officials support their disciplinary findings with "some evidence"); *Tonn v. Dittmann*, 607 F. App'x 589, 590 (7th Cir. 2015) Further, fraudulent conduct in the course of prison disciplinary measures is not a violation of due process. *Lagerstrom v.*

*Kingston*, 463 F.3d 621, 625 (7th Cir. 2019). Instead, the prisoner receives "protection from such arbitrary action . . . in the procedures mandated by due process," *Id.*; *see also Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) ("We find that an allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.").

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Conclusion

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have through **January 7, 2025**, in which to file an amended complaint.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry.

Any amended complaint should have the proper case number, 2:24-cv-00235-JRS-MKK and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Date: 12/11/2024

*/s/ James R. Sweeney II*
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838